a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOEL JIMINEZ-RAMIREZ, Petitioner | CIVIL ACTION NO. 1:17-CV-1412-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Joel Jiminez-Ramirez ("Jiminez-Ramirez") (15547-075). Jiminez-Ramirez is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). Jiminez-Ramirez challenges his disciplinary conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Jiminez-Ramirez was involved in a fight with another inmate on June 28, 2014. (Doc. 1-2, p. 1). Jiminez-Ramirez alleges that the following day, he received an incident report charging him with violating Code 201, Fighting with Another Inmate. After the video footage was reviewed, the incident report was rewritten, and the charge changed to violations of Code 104, Possessing a Weapon, and Code 224,

Assaulting without Serious Injury. (Doc. 1-3, p. 1). Jiminez-Ramirez was convicted and sanctioned with the loss of 68 days of good time credits. (Doc. 1-2, p. 2).

Jiminez-Ramirez appealed the conviction, and the appeal was denied by the National Administrator on February 10, 2016. (Doc. 1-3, p. 1).

## II. Law and Analysis

Ramirez-Martinez argues that the timing of his notice was not in compliance with BOP Program Statement 5270.9 because the report was re-written and given to him almost 48 hours after the incident. According to Program Statement 5270.9, which is codified at 28 C.F.R. § 541.5, an inmate "will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident." The regulation does not guarantee notice within 24 hours. Rather, the regulation states that an inmate will "ordinarily" receive notice within that time frame. 28 C.F.R. § 541.5. In this case, Ramirez-Martinez received notice through the original incident report within 24 hours of the incident, and notice of the revised charges within the next 24 hours. Ramirez-Martinez does not alleged he was prejudiced in any manner by the timing of the written notice.

Moreover, even if the regulation guaranteed or mandated notice within 24 hours, Petitioner would still fail to state a claim. In the Fifth Circuit, a prison official's failure to follow procedural regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (citations omitted).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). The prisoner is entitled to: (1) advance written notice of the disciplinary charges, at least 24 hours before the hearing; (2) an opportunity to present evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action. <u>Id.</u> at 563-67.

In this case, constitutional minima afforded by <u>Wolff</u> were met. Ramirez-Martinez received written notice at least 24 hours before the hearing. <u>Wolff</u>, 418 U.S. at 563-66. In fact, Ramirez-Martinez received notice approximately four weeks prior to his hearing. (Doc. 1-3, p. 1). Ramirez-Martinez does not allege he was denied an opportunity to present evidence in his defense, or that he was denied a written statement by the factfinder.

III. <u>Conclusion</u>

For the forgoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4